## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NDIVE MONGO LAMBERT,      )
                                       )
            Plaintiff,        )
                                       )
v.                                )     Case No. 20-cv-02768-PWG
                                     )
SAVASENIORCARE ADMINISTRATIVE )
SERVICES, LLC and SSC LAUREL     )
OPERATING COMPANY, LLC         )
              Defendants.       )
_____/

### DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, SavaSeniorCare Administrative Services, LLC ("SavaSeniorCare") and SSC Laurel Operating Company, LLC d/b/a Patuxent River Health & Rehabilitation Center ("SSC" or "Patuxent River Center") (collectively, "Defendants") by and through their attorneys, Shawe Rosenthal LLP, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), submit their First Amended Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

The unnumbered, introductory paragraph of Plaintiff's Complaint is merely a characterization of Plaintiff's claims and request for relief and no answer is required. However, Defendants deny Plaintiff's allegations that Defendants violated Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the Family and Medical Leave Act, and Maryland law, and generally deny all liability and damages asserted against Defendants by Plaintiff.

1.     Defendants admit that Plaintiff filed a Charge of Discrimination with the EEOC. As to the remaining allegations in Paragraph 1, Defendants are without sufficient information to form a belief as to their truth or they contain a legal conclusion to which no response is required.

To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

## ANSWER TO JURISDICTION AND VENUE

2.      Defendants deny the allegations in Paragraph 2 of the Complaint because Plaintiff's claims are subject to mandatory mediation and/or arbitration pursuant to Defendants' Employment Dispute Resolution Process.

3.      Defendants admit that the events giving rise to Plaintiff's alleged claims took place in Maryland and that Plaintiff was employed Defendant SSC in Maryland.  Defendants are without sufficient information to form a belief as to the truth of the allegation regarding Plaintiff's place of residence and therefore denies the same.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint because Plaintiff's claims are subject to mandatory mediation and/or arbitration pursuant to Defendants' Employment Dispute Resolution Process.

## ANSWER TO PARTIES

**Answer to Plaintiff:**

4.      Defendants admit that Plaintiff was an employee of Defendant SSC.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint and therefore deny the same.

5.      Defendants deny that either Defendant has over 500 employees.  The remaining allegations in Paragraph 5 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

**Answer to Defendant:**

6.    Defendants admit that they are separate privately held Delaware limited liability companies, but deny any allegation or insinuation that they are joint employers or one common enterprise.  Defendants admit that Defendant SavaSeniorCare is headquartered at One Ravinia Drive, Suite 1500, Atlanta, Georgia 30346.  Defendants admit that Defendant SSC does business in Prince George's County at 14200 Laurel Park Drive, Laurel, Maryland 20707.  Defendants admit that Defendant SSC was Plaintiff's employer, but expressly deny that SavaSeniorCare was Plaintiff's employer.  Defendants deny that they operate 190 skilled nursing and assisted living facilities in twenty states across the United States.  To the extent that an allegation in Paragraph 6 has not been admitted, it is denied.

7.    The allegations in Paragraph 7 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 7 of the Complaint.

## ANSWER TO FACTS

8.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore deny the same.

9.    Defendants deny the allegations in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations in Paragraph 11 of the Complaint.

12.    Defendants admit that Defendant SSC hired Plaintiff to serve as Director of Nursing at the Patuxent River Health and Rehabilitation Center, but clarify that his date of hire was May 11, 2015.  Defendants further admit that Plaintiff served in that role until February 13, 2019, when he was terminated.  Defendants also admit that the individual who communicated the termination

decision did not provide an express reason to Plaintiff for his termination, but Plaintiff knew and understood that the Family Council was not satisfied with his performance. Defendants deny that Plaintiff was wrongfully terminated.

13. Defendants admit that during Plaintiff's tenure as Director of Nursing at SSC, and under his leadership and the leadership of the Administrator and his boss, Elizabeth Neel, the Center improved its quality measures and CMS ratings, and decreased falls. Defendants deny that "great" care was provided to the residents of Patuxent River Center, as that term is vague, ambiguous, and undefined in the Complaint. Defendants also deny that Plaintiff and Ms. Neel got "good" annual health survey results, as that term is vague, ambiguous and undefined in the Complaint. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and therefore deny the same.

14. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants admit the allegations in Paragraph 16 of the Complaint, but clarify that both Plaintiff and Ms. Neel had been employed by Defendant SSC for longer than one (1) year when the awards were given, that the Blue Ribbon Award was given in 2016 and the CEO Roundtable Award in 2017, and that the total amount distributed to staff for the Blue Ribbon Award was $36,881.64.

17. Defendants deny the allegations in the first and third sentences of Paragraph 17 of the Complaint. Defendants also deny that Plaintiff was wrongfully terminated. Defendants admit that his date of termination was February 13, 2019. Defendants admit the allegations in the second

sentence of Paragraph 17 of the Complaint.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and therefore deny the same.

18.    Defendants deny that Patuxent River Center won the Blue Ribbon Performance Award on April 26, 2017, as that award was won in 2016.  Defendants admit the remaining allegations in Paragraph 18 of the Complaint regarding the Blue Ribbon Award and Patuxent River Center's receipt of same, but clarify that the total monetary amount distributed to staff was $36,881.64.  Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.    Defendants are without sufficient information to form a belief as to the truth of allegation regarding Mr. Oglesby's statement and therefore deny the same.  Defendants admit the remaining allegations in Paragraph 19 of the Complaint, but clarify that the total monetary amount distributed to staff was $36,881.64.

20.    Defendants admit the allegations in the first sentence in Paragraph 20 of the Complaint.  Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

**Answer to SavaSeniorCare Blue Ribbon Performance Award**

21.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, as Plaintiff has failed to identify the document from which the statement in this Paragraph was allegedly obtained.  Defendants therefore deny the allegations in Paragraph 21 of the Complaint.

22.    Defendants admit that Plaintiff was under the leadership of Beth Neel, the Administrator of Patuxent River Center.  Defendants deny that during his second year as Director of Nursing, Plaintiff improved the Center's overall CMS star rating from 3 to 4 stars.  Defendants admit that the RN star rating improved to 4.5 stars.  Defendants are without sufficient information

to form a belief as to the truth of the allegation regarding the specific date on which Mr. Lambert and his team won the CEO Roundtable Award, but admit that it was awarded in 2017. Defendants admit the remaining allegations in the second sentence in Paragraph 22 of the Complaint.

23.    Defendants admit the allegations in the first sentence in Paragraph 23 of the Complaint. Defendants also admit that Plaintiff and Ms. Neel sat down with Mr. Oglesby. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and therefore deny the same.

24.    Defendants admit that Plaintiff and Ms. Neel sat down with Mr. Oglesby. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and therefore deny the same.

25.    Defendants admit that Plaintiff, Ms. Neel, and Mr. Oglesby discussed the creation of a Ventilator Unit. Defendants also admit that Plaintiff was terminated in February 2019. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint.

26.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore deny the same.

**Answer to SavaSeniorCare CEO Roundtables Awards**

27.    Defendants admit the allegations in Paragraph 27 of the Complaint, but deny the term "best of the best" because it is undefined in the Complaint.

**Answer to Other areas of improvement Under Mr. Lambert's leadership as Director of Nursing**

28.    Defendants are without sufficient information to form a belief as to the truth of the allegations in the first two (2) sentences of Paragraph 28 of the Complaint and therefore deny the same. Defendants admit the remaining allegations in Paragraph 28 of the Complaint.

29.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore deny the same.

30.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore deny the same.

31.    Defendants deny that Mr. Lambert received a $2,500 pay raise in 2017.  Defendants admit the remaining allegations in Paragraph 31 of the Complaint.

32.    Defendants admit that Plaintiff was terminated, but clarify that his termination occurred on February 13, 2019.  Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

**Answer to September 2018, Meeting at Office of Health Care Quality Columbia Maryland**

33.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's or Ms. Neel's protected characteristics and therefore deny the same.  Defendants deny that the meeting was a meeting of the Family Council.  Defendants admit the remaining allegations in Paragraph 33 of the Complaint, but clarify that there were additional attendees at the meeting.

34.    Defendants admit after the meeting at the Office of Health Care Quality Mr. Oglesby communicated his support of the leadership at Defendant SSC.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint and therefore deny the same.  Defendants also clarify that Jeff's last name is Solarz, and that Stacey Hallissey's title in September 2018 was Senior Vice President of Care Management and Clinical Services.

35.      Defendants admit that Mr. Oglesby met with Plaintiff and Ms. Neel in their office. Defendants are without sufficient information to form a belief as to the truth of the allegations regarding the statements made by Mr. Oglesby and therefore deny the same.

**Answer to Birth of Lambert's Premature Triplets and His Being on FMLA Leave**

36.      Defendants admit that Plaintiff took leave under the Family and Medical Leave Act ("FMLA").  Defendants further admit that Plaintiff requested a transfer to Heritage Harbor Center by e-mail on January 23, 2018, while he was on FMLA leave, and that Heritage Harbor Center had a vacant DON position as of that date.  Defendants admit that Plaintiff's transfer request was not granted.  Defendants also admit that Plaintiff was terminated on February 13, 2019. Defendants deny that it is "usual practice" for employees of SSC to transfer from one facility to another.  Defendants also deny that Plaintiff's request for an extension of his FMLA leave and for intermittent FLMA leave remained pending when he returned to work.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint and therefore deny the same.

37.      Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore deny the same.

38.      Defendants sufficient information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore deny the same,

39.      Defendants deny that Plaintiff informed Katie Harnsberger that he required FMLA leave.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and therefore deny the same.

40.      Defendants admit the allegations in Paragraph 40 of the Complaint.

41.     Defendants admit that Plaintiff's request for FMLA leave was approved. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint and therefore deny the same.

42.     Defendants admit that Plaintiff was asked to submit additional paperwork in support of his request for an extension of his FMLA leave.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint and therefore deny the same.

43.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore deny the same.

44.     Defendants deny that Plaintiff was awaiting approval of his request for intermittent FMLA leave.  Defendants admit the remaining allegations in Paragraph 44 of the Complaint, but clarify that Plaintiff's FMLA leave began on December 26, 2018.

**Answer to February 11, 2019: After Lambert's return from FMLA and Interim DON Katherine Gaines' Statements to Lambert after Leaving the Administrator Beth Neel's Office**

45.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore deny the same.

46.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore deny the same.

47.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore deny the same.

**Answer to February 12, 2019: Lambert's Conversation with District Clinical Director Richie McAlevy**

48.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore deny the same.

49.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore deny the same.

50.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore deny the same.

51.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore deny the same.

52.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore deny the same.

**Answer to February 13, 2019: PRHRC Performance Improvement Project (PIP) Review Meeting Held at the Facility Conference Room**

53.     Defendants are without sufficient information to form a belief as to the truth of the allegation regarding the timing of the meeting, and therefore deny the same.  Defendants admit the remaining allegations in Paragraph 53 of the Complaint, but clarify that Rita Vann was expressing that the PIPs had been well prepared, not that they had been well implemented.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore deny the same.

56.     Defendants deny that Defendant SSC is headquartered in Atlanta.  Defendants deny that HGS staff were required to participate in ambassador rounds.  Defendants admit the remaining allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants admit the allegations in Paragraph 58 of the Complaint.

59.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore deny the same.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants admit that Dr. Evans requested to see shower records.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Complaint and therefore deny the same.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants admit the allegations in Paragraph 63 of the Complaint.

64.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore deny the same.

65.     Defendants admit that Dr. Evans asked Plaintiff for the podiatrist notes or logs. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 65 of the Complaint and therefore deny the same.

66.     Defendants deny the allegations in the first sentence of Paragraph 66 of the Complaint.  Defendants admit the remaining allegations in Paragraph 66 of the Complaint.

67.     Defendants admit that Plaintiff brought records into the meeting.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 67 of the Complaint and therefore deny the same.

68.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore deny the same.

**Answer to After the PRHRC Performance Improvement Project (PIP) Review Meeting**

69.     Defendants admit that Dr. Evans came to speak with Plaintiff while he was in Ms. Neel's office.  Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Defendants admit that Plaintiff was on FMLA leave from December 26, 2018 until February 8, 2019.  Defendants deny that Dr. Evans chased Plaintiff or shouted at him in a loud and aggressive voice.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 71 of the Complaint and therefore deny the same.

72.     Defendants admit that as Director of Nursing, Plaintiff was not solely responsible for the operation of Patuxent River Center, but further state that he was responsible for resident nursing needs and care, including ensuring that residents were regularly bathed and properly groomed.  Defendants admit that Plaintiff's boss, Elizabeth Neel, the Administrator, had overall responsibility for running the Patuxent River Center.   Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's or Ms. Neel's protected characteristics and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 72 of the Complaint.

73.     Defendants deny that Dr. Evans had not brought any issues to the attention of Elizabeth Neel prior to the February 13, 2019 PIP meeting, but admit that she had not brought any issues to her attention prior to the start of Plaintiff's FMLA leave.  Defendants also deny that Dr. Evans intentionally, aggressively, and wrongfully accused and harassed Plaintiff.  Defendants admit the remaining allegations in Paragraph 73 of the Complaint.

74.     Defendants deny that the PIP meeting was the first time Dr. Evans raised any concerns or issues to Elizabeth Neel and deny any implication in Paragraph 74 to the contrary. Defendants admit the remaining allegations in Paragraph 74 of the Complaint.

75.     Defendants admit that Dr. Evans had not previously raised with Plaintiff any of the issues she discussed during the PIP meeting.  Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny that Dr. Evans's actions were openly aggressive and hostile. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 77 of the Complaint and therefore deny the same.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

**Answer to February 12, 2019: Interim DON Katherine Gaines' Statement Regarding the Podiatrist**

79.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore deny the same.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny that Dr. Evans and Ms. Vann tried to undermine or go behind the backs of Plaintiff and/or Ms. Neel.  Defendants admit that Plaintiff provided Dr. Evans with records during the PIP meeting. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 81 of the Complaint and therefore deny the same.

**Answer to February 13, 2019: Interim DON Katherine Gaines' Statements to Mr. Lambert Regarding what Dr. Evan said About Mr. Lambert in His Absence**

82.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore deny the same.

83.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint and therefore deny the same.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

85.    Defendants deny that Dr. Evans chased or yelled at Plaintiff.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 85 of the Complaint and therefore deny the same.

86.    Defendants deny the allegations in Paragraph 86 of the Complaint.

87.    Defendants admit that Plaintiff was terminated on February 13, 2019, and that he returned from FMLA leave on February 8, 2019.  Defendants also admit that Plaintiff took FMLA leave to care for his family.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 87 of the Complaint and therefore deny the same.

88.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint and therefore deny the same.

89.    Defendants admit that Plaintiff was terminated.   Defendants are without sufficient information to form a belief as to the truth of Plaintiff's beliefs and therefore deny those allegations in Paragraph 89 of the Complaint.  Defendant also denies the remaining allegations in Paragraph 89 of the Complaint.

**Answer to February 13, 2019: Separation Conference Conversation at the Administrator Elizabeth Neel's Office**

90.    Defendants are without sufficient information to form a belief as to the truth of the allegation regarding the timing of the meeting and therefore deny the same.  Defendants admit the remaining allegations in Paragraph 90 of the Complaint, but clarify that the third individual's name is Jennifer Robinson and that her title is the Division Vice President of Clinical Operations.

91.    Defendants admit the allegations in Paragraph 91 of the Complaint.

92.    Defendants admit the allegations in Paragraph 92 of the Complaint.

93.     Defendants admit that following his termination on February 13, 2019, Plaintiff lost the health insurance coverage he had received through his employment with Defendant SSC. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 93 of the Complaint and therefore deny the same.

94.     Defendants admit that Plaintiff was terminated on February 13, 2019. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 94 of the Complaint and therefore deny the same.

95.     Defendants deny that Plaintiff was terminated because he is a black man from Cameroon. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 95 of the Complaint and therefore deny the same.

96.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and therefore deny the same.

97.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore deny the same.

98.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and therefore deny the same.

99.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore deny the same.

100.    Defendants admit that Plaintiff returned from FMLA leave on February 8, 2019. Defendants also admit that Plaintiff took FMLA leave to care for his wife and triplets. Defendants further admit that following his termination on February 13, 2019, Plaintiff lost the health insurance coverage he had received through his employment with Defendant SSC. Defendants are

without sufficient information to form a belief a to the truth of the remaining allegations in Paragraph 100 of the Complaint and therefore deny the same.

101.    Defendants admit that Plaintiff returned from FMLA leave on February 8, 2019. Defendants also admit that Plaintiff took FMLA leave to care for his wife and triplets.  Defendants further admit that following his termination on February 13, 2019, Plaintiff lost the health insurance coverage he had received through his employment with Defendant SSC.  Defendants are without sufficient information to form a belief a to the truth of the remaining allegations in Paragraph 101 of the Complaint and therefore deny the same.

102.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and therefore deny the same.

103.    Defendants admit that management of SSC was aware that Plaintiff's wife had just given birth to triplets.  Defendants also admit that following his termination, Plaintiff lost health the insurance coverage he had received through his employment with Defendant SSC.  Defendants deny the remaining allegations in Paragraph 103 of the Complaint.

104.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and therefore deny the same.

105.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and therefore deny the same.

106.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and therefore deny the same.

107.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and therefore deny the same.

108.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and therefore deny the same.

109.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and therefore deny the same.

110.    Defendants deny that Plaintiff's discharge was discriminatory.   Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Complaint and therefore deny the same.

111.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's or Ms. Neel's protected characteristics and therefore deny the same.   Defendants admit that the Family Council wanted a change in Ms. Neel's role, that Ms. Neel was offered to transfer to the Arcola Health Center and to the Heritage Harbor Health and Rehabilitation Center, that Ms. Neel was not fired, that Ms. Neel did not accept the offer to transfer, and that Ms. Neel resigned on her own accord and went to work for another company. To the extent an allegation in Paragraph 111 of the Complaint has not been expressly admitted, it is denied.   Defendants also affirmatively deny that Plaintiff was terminated because of his color, race, gender, and/or national origin or that Ms. Neel was treated differently and better than Plaintiff.

112.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding the protected characteristics of the individuals identified in Paragraph 112 of the Complaint and therefore deny the same.   Defendants admit that Plaintiff was not permitted to transfer to another facility.   Defendants admit the allegations as to Vernan Russell, but deny that "it did not work out for her" at the Glen Burnie Facility.   Defendants admit the allegations as to Deborah Abbey.   Defendants deny the allegations as to Laura Wright-Waterman.

113.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding the protected characteristics of the individuals identified in Paragraph 113 of the Complaint and therefore deny the same.  Defendants admit that the individuals identified in Paragraph 113 of the Complaint were not terminated for poor performance.  Defendants deny the remaining allegations in Paragraph 113 of the Complaint.

114.    Defendants are without sufficient information to form a belief as to the truth of Plaintiff's personally held beliefs and therefore deny the allegations in Paragraph 114 of the Complaint.  Defendants further deny that Plaintiff was discriminated against on the basis of any legally protected characteristic.

115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    Defendants deny that Dr. Evans retaliated against Plaintiff by harassing him, humiliating him, and/or humiliatingly and wrongfully accusing him of lying.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint and therefore deny the same.

119.    Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's perception of Dr. Evans's actions and therefore deny the same. Defendants deny the remaining allegations in Paragraph 120 of the Complaint.

**Answer to Count One Violation of Title VII U.S.C. §§ 2000e, et seq.
Disparate Terms and Conditions of Employment Based on Race,
National Origin, Color and Sex/Gender**

121.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

122.    Defendants deny the allegations in Paragraph 122 of the Complaint.

123.    Paragraph 123 of the Complaint contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 123 of the Complaint.

124.    Defendants are without sufficient information to form a belief as to the truth of allegation regarding Plaintiff's legally protected characteristics and therefore deny the same.  The remaining allegation constitutes a legal conclusion to which to response is required.  To the extent a response is required, that allegation is denied.

125.    Defendants admit that Plaintiff was terminated.    The remaining allegation constitutes a legal conclusion to which to response is required.  To the extent a response is required, that allegation is denied.

126.    Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations in Paragraph 127 of the Complaint.

128.    Defendants are without sufficient information to form a belief as to the truth of allegation regarding Plaintiff's legally protected characteristics and therefore deny the same. Defendants deny the remaining allegations in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations in Paragraph 130 of the Complaint.

131.    Defendants admit that Plaintiff was terminated and that his request to transfer to a different facility was not granted.  Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Ms. Neel's protected characteristics and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Complaint.

### Answer to Count Two Violation of Title VII 42 U.S.C. §§ 2000e, et seq.
### Harassment Hostile Work Environment Based on Race,
### National Origin, Color and Sex/Gender

136.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

137.    Defendants deny the allegations in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's perceptions and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 139 of the Complaint.

140.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's perceptions of Dr. Evans's actions and therefore deny the same. Defendants deny the remaining allegations in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations in Paragraph 145 of the Complaint.

**Answer to Count Three Violation of Title VII, 42 U.S.C. §§ 2000e, et seq.**
**Retaliation**

146.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

147.    Whether Plaintiff engaged in protected activity under Title VII is a legal conclusion to which no response is required.  To the extent a response is required, that allegation is denied. Defendants further deny the remaining allegations in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

**Answer to Count Four Violation of Section 1981, 42 U.S.C. §§ 1981-1988**
**Disparate Terms and Conditions of Employment Based on Race**

151.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

152.    Defendants are without sufficient information to form a belief as to the truth of allegation regarding Plaintiff's legally protected characteristics and therefore deny the same.  The remaining allegation constitutes a legal conclusion to which to response is required.  To the extent a response is required, that allegation is denied.

153.    Defendants are without sufficient information regarding an individual by the name of "Mr. Briscoe."   Nonetheless, Defendants deny the allegations in Paragraph 153 of the Complaint.

154.    The first sentence of Paragraph 154 consists of a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny that allegation. Defendants deny the remaining allegations in Paragraph 154 of the Complaint.

155.    Defendants admit that Ms. Neel was offered the opportunity to transfer to two (2) other facilities and that her employment was not terminated.  Defendants further admit that the Family Council advocated for a change of leadership in Ms. Neel's role.  Defendants also admit that Plaintiff's request to transfer to a different facility was not granted.  Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Ms. Neel's protected characteristics and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations in Paragraph 156 of the Complaint.

**Answer Count Five Violation of Section 1981, 42 U.S.C. §§ 1981-1988**
**Harassment Hostile Work Environment Based on Race**

157.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

158.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's perceptions and therefore deny the same.  Defendants deny the remaining allegations in Paragraph 158 of the Complaint.

159.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's perceptions of Dr. Evans's actions and therefore deny the same. Defendants deny the remaining allegations in Paragraph 159 of the Complaint.

160.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's perceptions of Dr. Evans's actions and therefore deny the same. Defendants deny the remaining allegations in Paragraph 160 of the Complaint.

161.     Defendants deny the allegations in Paragraph 161 of the Complaint.

162.     Defendants deny the allegations in Paragraph 162 of the Complaint.

163.     Defendants deny the allegations in Paragraph 163 of the Complaint.

164.     Defendants deny the allegations in Paragraph 164 of the Complaint.

165.     Defendants deny the allegations in Paragraph 165 of the Complaint.

166.     Defendants deny the allegations in Paragraph 166 of the Complaint.

167.     Defendants deny the allegations in Paragraph 167 of the Complaint.

168.     Defendants deny the allegations in Paragraph 168 of the Complaint.

**Answer to Count Six Violation of Section 1981, 42 U.S.C. §§ 1981-1988**
**Retaliation**

169.     Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

170.     Whether Plaintiff engaged in protected activity under Title VII is a legal conclusion to which no response is required.  To the extent a response is required, that allegation is denied. Defendants further deny the remaining allegations in Paragraph 147 of the Complaint.

171.     Defendants deny the allegations in Paragraph 171 of the Complaint.

172.     Defendants deny the allegations in Paragraph 172 of the Complaint.

173.     Defendants deny the allegations in Paragraph 173 of the Complaint.

**Answer to Count Seven Violation of Maryland Fair Employment Practices Act MD, Code**
**Ann. State Gov't § 20-601 et seq. On the Basis of Race, National Origin, Color,**
**and Sex/Gender**

174.     Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

175.    Paragraph 175 of the Complaint contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 175 of the Complaint.

176.    Defendants are without sufficient information to form a belief as to the truth of allegation regarding Plaintiff's legally protected characteristics and therefore deny the same.  The remaining allegation constitutes a legal conclusion to which to response is required.  To the extent a response is required, that allegation is denied.

177.    The allegations regarding Defendant SSC's status as an "employer" is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that allegation.   Defendants deny the remaining allegations in Paragraph 177 of the Complaint.

178.    The allegation as to Dr. Evans's status as an agent of Defendant SSC is a legal conclusion to which no response is required.  To the extent a response is required, that allegation is denied.  Defendants deny that Dr. Evans is an employee of Defendant SSC and that she engaged in discriminatory conduct based on Plaintiff's race.

179.    Defendants admit that Plaintiff was terminated on February 13, 2019.  Whether that termination constituted an adverse employment action is a legal conclusion to which no response is required.  To the extent a response is required, that allegation is denied.  Defendants deny the remaining allegations in Paragraph 179 of the Complaint.

180.    Defendants deny the allegations in Paragraph 180 of the Complaint.

181.    Defendants are without sufficient information to form a belief as to the truth of allegation regarding Plaintiff's legally protected characteristics and therefore deny the same. Defendants deny the remaining allegations in Paragraph 181 of the Complaint.

182.    Defendants deny the allegations in Paragraph 182 of the Complaint.

183.    Defendants are without sufficient information to form a belief as to the truth of the allegations regarding Elizabeth Neel's protected characteristics and therefore deny the same. Defendants admit that Ms. Neel's employment was not terminated, and that she was offered the opportunity to transfer.  However, Defendants deny that Ms. Neel was a Director of Nursing. Defendants also admit that Plaintiff was terminated and that his request to transfer to another facility was not granted.  Defendants deny the remaining allegations in Paragraph 183 of the Complaint.

184.    Defendants admit that Plaintiff was terminated on February 13, 2019.  Defendants deny the remaining allegations in Paragraph 184 of the Complaint.

185.    Defendants deny the allegations in Paragraph 185 of the Complaint.

186.    The allegations in Paragraph 186 consist of a legal conclusion to which no response is required.  To the extent that a response is required, the allegations in Paragraph 186 of the Complaint are denied.  Defendants also expressly deny that Plaintiff was terminated because of his race.

187.    Defendants deny the allegations in Paragraph 187 of the Complaint.

188.    Defendants deny the allegations in Paragraph 188 of the Complaint.

189.    Defendants deny the allegations in Paragraph 189 of the Complaint.

**Answer to Count Eight Infliction of Emotional Distress**

191.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.[1]

---

[1] Plaintiff's Complaint erroneously jumps from Paragraph 189 to Paragraph 191; accordingly, Defendants have followed suit in their response.

192.    Defendants admit that following his termination, Plaintiff lost the health insurance coverage he had received through his employment with Defendant SSC.  Defendants deny the remaining allegations in Paragraph 192 of the Complaint.

193.    Defendants admit that Plaintiff requested FMLA leave, an extension of that leave, and intermittent FMLA leave.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 193 of the Complaint and therefore deny the same.

194.    Defendants admit that Plaintiff's employment was terminated, but deny that the termination was to avoid approving his request for an extension of FMLA leave or intermittent FMLA leave.  Defendants also admit that following his termination, Plaintiff lost the health insurance coverage had had received through his employment with Defendant SSC.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 194 of the Complaint and therefore deny the same.

195.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 195 of the Complaint and therefore deny the same.

196.    Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint and therefore deny the same.

197.    Defendants deny that Plaintiff was terminated because he is a black man from Cameroon.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 95 of the Complaint and therefore deny the same.

198.    Defendants deny the allegations in Paragraph 198 of the Complaint.

199.    Defendants deny the allegations in Paragraph 199 of the Complaint.

200.    Defendants deny the allegations in Paragraph 200 of the Complaint.

201.    Defendants admit that following his termination, Plaintiff lost the health insurance coverage he had received through his employment with Defendant SSC.  Defendants deny the remaining allegations in Paragraph 201 of the Complaint.

202.    Defendants deny the allegations in Paragraph 202 of the Complaint.

### Answer to Count Nine Violation of the FMLA 29 U.S. Code §§ 2601 et seq. Interference with FMLA Rights

203.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

204.    Paragraph 204 of the Complaint contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 203 of the Complaint.

205.    Defendants admit that Plaintiff was terminated on February 13, 2019.  Defendants deny the remaining allegations in Paragraph 205 of the Complaint.

206.    Paragraph 206 of the Complaint contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 206 of the Complaint.

207.    Defendants admit that Plaintiff's wife gave birth to triplets.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 207 of the Complaint and therefore deny the same.

208.    Defendants admit that Plaintiff's wife gave birth to triplets.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 208 of the Complaint and therefore deny the same.

209.    Defendants admit that Plaintiff requested FMLA leave, an extension of that leave, and intermittent FMLA leave.  Defendants are without sufficient information to form a belief as

to the truth of the remaining allegations in Paragraph 209 of the Complaint and therefore deny the same.

210.    The allegations in the first sentence of Paragraph 210 of the Complaint consist of a legal conclusion to which no response is required.  To the extent a response is required, those allegations are denied.  Defendants deny the remaining allegations in Paragraph 210 of the Complaint.

211.    Defendants deny the allegations in Paragraph 211 of the Complaint.

**Answer to Count Ten Violation of the FMLA, 29 U.S. Code §§ 2601 et seq.**
**Retaliation for Exercising FMLA Rights**

212.    Defendants repeat and incorporate the responses to the foregoing paragraphs as if fully set forth herein.

213.    Paragraph 213 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 213 of the Complaint.

214.    Defendants deny the allegations in Paragraph 214 of the Complaint.

215.    Defendants deny the allegations in Paragraph 215 of the Complaint.

216.    Defendants deny the allegations in Paragraph 216 of the Complaint.

Defendants are not required to admit or deny Plaintiff's requested relief in the Complaint. Defendants deny, however, that Plaintiff's claims have merit, and deny that Plaintiff is entitled to any of the relief requested.

**ANSWER TO JURY TRIAL DEMAND**

Defendants are not required to admit or deny the demand for a jury trial.  However, Defendants deny that Plaintiff is entitled to a jury trial because Plaintiff's claims are subject to

mandatory mediation and/or arbitration pursuant to Defendants' Employment Dispute Resolution Program.

To the extent that any allegation in Plaintiff's Complaint has not been specifically denied, it is denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are untimely for failure to file suit within 90 days of receiving a Notice of Right to Sue from the EEOC.

3. Plaintiff's claims are barred because they are subject to mandatory mediation and/or arbitration pursuant to Defendants' Employment Dispute Resolution Process.

4. Defendant SSC at all times acted in a legal and proper manner as to all personnel actions taken with regard to Plaintiff's employment.

5. Defendant SavaSeniorCare was not Plaintiff's employer and therefore is not a proper Defendant in this matter.

6. Any conduct by Defendants towards Plaintiff has been based on legitimate, non-discriminatory, and non-retaliatory business reasons, and there is no basis for any claim against Defendants by Plaintiffs.

7. Defendants affirmatively deny that Plaintiff was subjected to different terms, conditions, and privileges of employment because of his race, color, national origin, sex/gender, or any other legally protected category.

8. Defendants engaged in good faith efforts to comply with all federal, state, and local laws prohibiting unlawful discrimination and retaliation, including by promulgating and enforcing policies prohibiting such conduct and providing prompt remedial actions for violations of the

policies.  Any conduct contrary to these measures would be unauthorized and in violation of Defendants' policies.

9.      At all material times, Defendants had no knowledge of and did not condone, ratify, encourage or acquiesce in any alleged unlawful conduct.  To the extent any of Defendants' employees engaged in any conduct that violated the law, such actions were outside the scope of their employment, were contrary to the policies and procedures of Defendants, and not done in the furtherance of Defendants' business interests.

10.     Any personnel action taken by Defendant SSC against Plaintiff was based on grounds other than his alleged exercise of any rights protected by any federal or state law, including but not limited to, Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, the Family and Medical Leave Act, or Maryland law.

11.     Plaintiff's retaliation claim is barred because he did not engage in protected activity under Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, or Maryland law

12.     Plaintiff's retaliation claim is barred because he cannot demonstrate a causal connection between any alleged adverse action he received and any alleged protected activity.

13.     The conduct about which Plaintiff complains was not sufficiently severe or pervasive to alter the conditions of his employment and create an abusive atmosphere.

14.     Defendants did not engage in any conduct that was intentional, reckless, extreme, or outrageous.

15.     Plaintiff cannot establish that any alleged emotional distress was severe.

16.     Any damages that Plaintiff has allegedly suffered were caused in whole or in part by his own conduct.

17.     Plaintiff's claims are barred, in whole or in part, to the extent that he failed to mitigate his damages, if any.

18.     Any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any benefits and/or other monies that Plaintiff has received or will receive, whether through employment, unemployment insurance, or otherwise.

19.     The Complaint fails to state facts sufficient to state a claim for punitive damages against Defendants since there was no malice, reckless indifference to Plaintiff's rights, or willful or wanton conduct attributable to Defendants.

20.     Defendants acted in good faith with respect to Plaintiff's FMLA rights and, therefore, Plaintiff is not entitled to liquidated damages.

### **Reservation of Rights**

Defendants reserve the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

Date: February 26, 2021

Respectfully submitted,


        /s/
Teresa D. Teare (Bar No. 28055)
Courtney B. Amelung (Bar No. 13422)
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, MD 21202
Telephone:  (410) 752-1040
Facsimile:  (410) 752-8861
teare@shawe.com
amelung@shawe.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 26, 2021, a true and correct copy of Defendants' First Amended Answer and Affirmative Defenses to Plaintiff's Complaint was electronically filed and thereby served upon:

> Stephen Christopher Swift
> Swift & Swift, Attorneys at Law, P.L.L.C.
> 2121 Eisenhower Avenue
> Suite 200
> Alexandria, VA 22314-4688
> steve@swift.law.pro


_____/s/_____

Teresa D. Teare

#876849